UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY WERKHEISER, | : |
| Petitioner | : CIVIL ACTION NO. 3:25-1068 |
| v. | : (JUDGE MANNION) |
| BRAD SHOEMAKER, *et al.*, | : |
| Respondents | : |

## MEMORANDUM

Currently before the Court are an application for leave to proceed *in forma pauperis* and a petition for a writ of habeas corpus under 28 U.S.C. §2241 filed by *pro se* Petitioner Troy Werkheiser ("Werkheiser"), a pretrial detainee currently incarcerated in the Lycoming County Prison ("LCP") while awaiting the disposition of several criminal charges. For the reasons stated below, the Court will grant Werkheiser leave to proceed *in forma pauperis*, dismiss his Section 2241 habeas petition without prejudice due to his failure to exhaust his state-court remedies, decline to issue a certificate of appealability, and direct the Clerk of Court to close this case.

I.   BACKGROUND

On May 28, 2025, Werkheiser was charged by criminal complaint with one (1) count of possession of a controlled substance with intent to deliver (35 P.S. §780-113(a)(30)), criminal use of a communication facility (18 Pa.

C.S. §7512(a)), and theft by deception (18 Pa. C.S. §3922(a)(1)). *See* Docket, *Commonwealth v. Werkheiser*, No. MJ-29102-CR-182-2025 (Magis. Dist. Ct.) ("MDJ Docket"); Docket, *Commonwealth v. Werkheiser*, No. CP-41-CR-746-2025 (Lycoming Cnty. Ct. Com. Pl.) ("CCP Dkt.").[1]

Werkheiser commenced the instant case by filing his Section 2241 habeas petition and application for leave to proceed *in forma pauperis* ("IFP Application") on June 8, 2025.[2] (Docs. 1, 2.) Werkheiser did not submit a certified prisoner trust fund account statement with his IFP Application, *see* 28 U.S.C. §1915(a)(2) (requiring that when applying to proceed *in forma pauperis*, an incarcerated litigant must submit "a certified copy of the trust fund account statement (or institutional equivalent) for the [litigant] for the 6-

---

[1] The Court takes judicial notice of the docket sheets for Werkheiser's criminal case while initially before the Magisterial District Court and now with the Court of Common Pleas as they are public state-court records, which are available through the Unified Judicial System of Pennsylvania's Web Portal for Pennsylvania criminal matters (https://ujsportal.pacourts.us). *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)).

[2] The federal "prisoner mailbox rule" provides that a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Werkheiser included a declaration with his petition in which he indicates that he placed his petition in the prison mail system on June 8, 2025. (Doc. 1 at 11.) As such, the Court uses this date as the filing date even though the Clerk of Court did not docket the petition until June 12, 2025.

month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the [litigant] is or was confined"); as such, an Administrative Order issued requiring the Warden of LCP to submit Werkheiser's certified account statement to the Clerk of Court. (Doc. 4.) Werkheiser's certified account statement was docketed on June 23, 2025. (Doc. 5.)

In his Section 2241 petition, Werkheiser identifies several grounds for habeas relief. First, Werkheiser asserts that law enforcement unlawfully invaded his privacy and seized certain cell phone conversations in violation of his rights under the First Amendment to the United States Constitution. (Doc. 1 at 2.) Unfortunately, this initial argument is mixed with factual assertions appearing to have nothing to do with Werkheiser's criminal case and are, perhaps, the assertions of another person. *See, e.g.*, (*id.* (stating that "[c]omplainant Mr. Nicolas [c]ontends that police falsified statements on warrants or search warrants . . . .")).

Second, Werkheiser asserts that certain aspects of his criminal case violated his due process and equal protection rights under the Fourteenth Amendment. (*Id.*) Once again, Werkheiser appears to posit arguments and factual assertions from a criminal defendant other than himself. *See* (*id.* ("Mr.

Nicholas contends that the public defender made repeated representations [and] inadequately pursued the withdrawal of attorney representation . . . .")).

Third, Werkheiser alleges that there is an impermissible conflict of interest in his case. (*Id.* at 10.) More specifically, he avers that the Lycoming County Public Defender's Office represents him and the confidential informant in his case, which he states is impermissible. (*Id.*)

Fourth, Werkheiser indicates that he filed private criminal complaints against "Tyson Havens [and] Sarah Edkins for tampering with witnesses [and] planting evidence against narcotic suspects." (*Id.*) Fifth, and finally, Werkhesier asserts that he was unlawfully arrested and falsely imprisoned. (*Id.*) In support of this assertion, Werkheiser avers that he was not shown a search warrant despite his request to see it, and there was "fraudulent [sic] procured investigative reports on [March 11, 2025]." (*Id.*) He also appears to argue that he was falsely arrested due to, *inter alia*, several issues regarding a confidential informant that law enforcement used to purchase methamphetamine from him as well as the alleged falsity of statements in affidavits of probable cause to obtain search and arrest warrants. (*Id.*)

For relief, Werkheiser seeks (1) a hearing, (2) his discharge from custody, and (3) the appointment of a special master. (*Id.* at 6.)

## II. LEGAL STANDARDS

### A. Applications for Leave to Proceed *in Forma Pauperis*

Under 28 U.S.C. §1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *Id.* This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [*Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, §1915(a) allows a litigant to commence a civil or criminal action in federal court *in forma pauperis* by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. *Neitzke*, 490 U.S. at 324, 109 S.Ct. 1827.

*Douris*, 293 F. App'x at 131–32.

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." *Deutsch*, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'" *Mauro v. N.J. Supreme Ct., Case No. 56,900*, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting *Adkins v. E.I. DuPont*

- 5 -

*de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of litigation and provide themselves with the necessities of life. *See, e.g., Rewolinski v. Morgan*, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of [their] poverty, provide [themselves] and any dependents with the necessities of life is sufficient."); *Jones v. State*, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed *in forma pauperis* is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

B.   **Section 2241 Habeas Petitions**

Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. §2241(a). After receipt of a Section 2241 habeas petition, a district court must conduct an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petition is not entitled to relief in the district court." R. 4, 28 U.S.C. foll. §2254; *see also* R. 1, 28 U.S.C. foll. §2254 ("The district court may apply any and all of these rules to a habeas corpus petition not covered by [Section 2254]."); *In re Gorbey*, 833 F. App'x

371, 372 (3d Cir. 2021) (unpublished) ("As the District Court noted in its October 13, 2020 order, the Rules Governing Section 2254 Cases are applicable to §2241 petitions by Rule 1(b)." (citing *Bowers v. U.S. Parole Comm'n, Warden*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014))). If so, the Court must dismiss the petition. *See* R. 4, 28 U.S.C. foll. §2254; *see also Henry v. U.S. Att'y Gen.*, 525 F. App'x 67, 69 (3d Cir. 2013) (unpublished) ("The District Court also noted that pursuant to Rule 4 of the Rules Governing §2254 Cases, made applicable to §2241 petitions under Rule 1(b), dismissal without providing a petitioner an opportunity to respond is appropriate when it is clear from the face of the petition that jurisdiction is lacking. Consequently, the District Court properly sua sponte dismissed Henry's petition for lack of subject matter jurisdiction and without prejudice." (internal citation omitted)).

In addition, when a judgment against a petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not [Section 2254], because Section 2254 requires that the petitioner be "in custody pursuant to the *judgment* of a State Court." 28 U.S.C. §2254(a) (emphasis added). Under Section 2241, the writ of habeas corpus may extend to a prisoner in pretrial

detention if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, *see, e.g.*, *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975), in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state government functions in our federal system." *Evans v. Ct. of Com. Pl. Del. Cnty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting *Moore*, 515 F.2d at 445–46)).

### III. DISCUSSION

#### A. The IFP Application

After reviewing the IFP Application and Werkheiser's account statement, it appears that he lacks the financial means to prepay the filing fee in this matter. Therefore, the Court will grant the IFP Application and allow Werkheiser to proceed *in forma pauperis* in this habeas action.

#### B. Review of the Petition

The Court has thoroughly reviewed Werkheiser's Section 2241 petition, and it plainly appears from it that he is not entitled to habeas relief. In particular, even if the Court presumed that Werkheiser's claims are cognizable in habeas, they are wholly unexhausted. As such, the Court will dismiss without prejudice his Section 2241 petition due to his failure to exhaust.

Although Section 2241 does not contain a statutory exhaustion requirement like Section 2254, *see* 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."), "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442.

Moreover, "although there is a distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." *Id.* Accordingly, the petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits. *Id.*; *see Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under §2241.").

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." *Brown v. Cuyler*, 669 F.3d 155, 158 (3d Cir. 1982) (per curiam).

Here, Werkheiser has not shown that he exhausted his available state remedies in his petition. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)). In this regard, Werkheiser does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings and identify how the Court of Common

Pleas addressed those claims. The publicly available docket entries for Werkheiser's criminal case also do not show that he has filed any pretrial motions to date, although the Court recognizes that his charges have only been pending in the Court of Common Pleas for less than a month. *See* CCP Dkt. Thus, it appears that Werkheiser may still raise his constitutional claims in the Court of Common Pleas. Accordingly, because Werkheiser has "not followed the required conduct by exhausting his state court remedies sought in this [p]etition, this [c]ourt should 'stay its hand' and dismiss, without prejudice, the instant [p]etition for [w]rit of [h]abeas [c]orpus as unexhausted to allow [Werkheiser] to exhaust his claims in state court." *Walker v. Vaughn*, 53 F.3d 609 (3d Cir. 1995)); *see also Lambert*, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").

The Court also notes that some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under *Younger* abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447–48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings

> afford an adequate opportunity to raise the federal claims." *Lazardis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448[; s]ee also Brian R. Means, POSTCONVICTION REMEDIES, §10.3 Westlaw (database updated June 2021).

*Arrington v. Commonwealth*, No. 21-cv-1282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), *report and recommendation adopted*, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If the Court analyzed whether to abstain from resolving this case under *Younger*, abstaining would be appropriate. Initially, there is an ongoing judicial proceeding insofar as there is a criminal prosecution in the Lycoming County Court of Common Pleas. Granting habeas relief here would interfere with those criminal proceedings. Additionally, the Commonwealth's criminal case against Werkheiser implicates important state interests because the Commonwealth has a strong interest in enforcing its criminal laws. Finally, there is no indication that Werkheiser will not have the opportunity to raise claims challenging, *inter alia*, the arrest, search warrants, possible conflicts of interest with the Public Defender's Office, and any evidence obtained by

the Commonwealth. *See, e.g.*, Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief, such as those seeking the "suppression of evidence" or "to quash or dismiss an information," to be "included in one omnibus motion"). Therefore, Werkheiser's claims relating to his state-court criminal proceedings also meet the requirements for *Younger* abstention.

## C. Certificate of Appealability

Because Werkheiser is a state pretrial detainee, the Court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision. *See* 28 U.S.C. §2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); *Reese v. Pennsylvania*, No. 19-cv-775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); *see also Harris v. Pike Cnty. Corr. Facility*, No. 20-cv-962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). When

deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, *i.e.*, that Werkheiser failed to exhaust his state-court remedies prior to filing his Section 2241 petition here and that he failed to present extraordinary circumstances to warrant this Court considering the petition. *See, e.g.*, *Burley v. Superintendent Forest SCI*, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary circumstances.'"

(quoting *Moore*, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

For the reasons above, the Court will grant the IFP Application, dismiss Werkheiser's Section 2241 petition without prejudice due to his failure to first exhaust his state-court remedies, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 8, 2025**
25-1068-01